IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHANNON SMALL PLAINTIFF

vs. Civil No. 4:25-cv-04087

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION**

Shannon Small ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## I. Background

Plaintiff filed her disability application for a period of disability and DIB on May 3, 2023, and for SSI on April 25, 2023. (Tr. 68).[1] In her application, Plaintiff alleged being disabled due to partial symptomatic epilepsy with partial complex seizures, not contractible with status

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

epilepticus, average of three to four seizures monthly, morbid obesity, and diabetes. (Tr. 405). Plaintiff alleged an onset date of January 26, 2023. (Tr. 68). Plaintiff's applications were denied initially on December 21, 2023, and again upon reconsideration on August 7, 2024. *Id*.

Plaintiff requested an administrative hearing on her denied applications, and this request was granted. (Tr. 68). An Administrative Law Judge ("ALJ") conducted the hearing on February 3, 2025. (Tr. 88-108). At this hearing, Plaintiff was present and represented by Gregory Giles. *Id*. Plaintiff and Vocational Expert ("VE"), Phunda Yarbrough, both testified at the hearing. *Id*.

On February 20, 2025, the ALJ entered an unfavorable decision. (Tr. 68-78). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2028. (Tr. 70, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 26, 2023. (Tr. 70, Finding 2). The ALJ found Plaintiff had severe impairments of obesity, diabetes mellitus, obstructive sleep apnea, and epilepsy. (Tr. 71. Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 72, Finding 4).

The ALJ also determined Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work with the exception of could occasionally climb ramps and stairs; no climbing of ladders, ropes or scaffolding; could occasionally balance, stoop, kneel, crouch and crawl; no exposure to hazards such as moving mechanical parts or unprotected heights; and no exposure to extreme heat or extreme cold. (Tr. 72-73, Finding 5).

The ALJ then determined Plaintiff was unable to perform any Past Relevant Work ("PRW"). (Tr. 76, Finding 6). However, based on Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs in significant numbers in the national economy that she can

perform, such as all out operator with 14,650 jobs in the national economy, addresser with 28, 000 jobs in the national economy, and document preparer with 21,500 jobs in the national economy. (Tr. 77, Finding 10). Based upon these findings, the ALJ determined Plaintiff has not been disabled under the Act from January 26, 2023, through the date of the decision. (Tr. 78, Finding 11).

On October 16, 2025, Plaintiff filed the present appeal. ECF No. 2. Both parties filed appeal briefs. ECF Nos. 17, 19. Accordingly, the matter is now ripe.

## II. Applicable Law

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act

defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

## III. Discussion

In her appeal brief, Plaintiff raised the following arguments: (1) the ALJ improperly evaluated Plaintiff's subjective complaints; (2) the ALJ erred in evaluating Plaintiff's RFC; and (3) the ALJ's step-five determinations were not supported by substantial evidence. ECF No. 17. Defendant argues (1) the ALJ properly evaluated Plaintiff's subjective complaints; (2) substantial

evidence supports the ALJ's RFC finding; and (3) substantial evidence supports the ALJ's step-five findings. ECF No. 19.

### A. <u>Evaluation of Subjective Complaints</u>

Looking first at Plaintiff's claims that the ALJ improperly evaluated her subjective allegations of disability, the Court finds the ALJ did not err. In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole"). In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 73-76). Indeed, the ALJ opinion outlined Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id.*

Most notably, the ALJ noted that there were several medical records which suggested various providers over the years had voiced concerns that her untreated obstructive sleep apnea was the cause of her seizures. *Id*. at 73. The ALJ also pointed to several instances in which Plaintiff had failed to take her anticonvulsant as prescribed which was followed by a seizure. *Id*. at 73-76. The ALJ noted that, when taken properly, Plaintiff's prescribed medications of Keppra and Topamax kept her seizures "fairly well-controlled". (Tr. 75). The ALJ's reliance on Plaintiff's sporadic failure to take her medications properly as well as leaving a potential cause of her seizures untreated was proper in his decision to discount her subjective complaints. Failure to comply with

medical treatments has upheld as a reason to discount a Plaintiff's subjective complaints. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility." ); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995) ("failure to seek medical treatment may be inconsistent with a finding of disability"). Further, the ALJ considered the testimony of both of the treating nurse practitioners and determined them to be unpersuasive. The ALJ cited various exhibits which were inconsistent with both women's testimony in coming to that conclusion. "An ALJ may decline to credit a claimant's subjective complaints 'if the evidence as a whole is inconsistent with the claimant's testimony.'" *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (quoting *Barnhart*, 471 F.3d at 907.

Additionally, the ALJ pointed to Plaintiff's continued work and various daily activities as being inconsistent with the testimony of the severity of her impairments. (Tr. 75). Plaintiff testified that she continued to work during her claimed period of disability, working 16 hours every other weekend as a private sitter. *Id*. The ALJ also noted that Plaintiff stated in an April 2024 report that she was going to the gym and that her only physical complaint was nausea as a result of a new medication she was taking. These inconsistencies between Plaintiff's subjective complaints and her activities diminish her credibility. *See Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir.1999) (finding activities such as driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between classes, watching television, and playing cards were inconsistent with plaintiff's complaints of disabling pain). An ALJ may discount subjective complaints of a plaintiff when there are such inconsistencies in the record, as was properly done here. Therefore, the Court find the ALJ's decision was supported by substantial evidence in the record as a whole.

**B. <u>RFC Determination</u>**

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) "except can occasionally climb ramps and stairs; no climbing of ladders, ropes or scaffolding; can occasionally balance, stoop, kneel, crouch and crawl; no exposure to hazards such as moving mechanical parts or unprotected heights; and no exposure to extreme heat or extreme cold." (Tr. 72-73, Finding 5). Plaintiff argues the ALJ erred in this RFC determination, specifically asserting that the ALJ's assessment was made "without the benefit of any consultation examination. ECF No. 17, p. 8. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. See 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Id*. (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id*.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000). Under 20 C.F.R. § 1519a(a), a consultative examination may be ordered if the necessary information may not be obtained from the claimant's medical sources. "'[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir.2000) (quoting *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985)) (alteration in original). If, however, the medical records before the ALJ provide sufficient medical evidence to determine whether the claimant is disabled, a consultative examination is not required. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir.2011); *accord Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir.2010); *Haley v. Massanari*, 258 F.3d 742, 749–50 (8th Cir.2001).

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. (Tr. 73-76). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision. *Id*. The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing her RFC. *Id*. Substantial evidence supports the ALJ's RFC determination. Further, there was sufficient evidence for the ALJ to make an informed decision as to Plaintiff's RFC. Because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. <u>Step Five Determination</u>

Finally, Plaintiff argues that the ALJ's step five determination is not supported by substantial evidence. Specifically, Plaintiff asserts that the "ALJ has shirked [his] responsibility to assess Plaintiff's subjective complaints, develop the record, find support for his RFC assessment, and, ultimately, properly assess whether Plaintiff can perform work existing in significant number in the national economy." ECF No. 17, pp. 8-9.

The Court also finds Plaintiff's additional arguments unpersuasive. The ALJ looked to the testimony of the VE as well as the opinions of medical staff through evidence presented to fully develop the record in the instant case. As discussed previously, the ALJ properly assessed Plaintiff's RFC and his conclusion is supported by the record. Based upon this assessment, an ALJ is entitled to rely upon the opinion of a vocational expert as to the number of jobs in the economy which could be performed by someone with Plaintiff's RFC. *See Harris v. Barnhart*, 356 F.3d 926 (8th Cir. 2004) (citing *Weiler v. Apfel*, 179 F.3d 1107, 1111 (8th Cir.1999)). Therefore, the Court finds that the ALJ did not err in his determination that there were jobs in significant numbers in the national economy Plaintiff could perform.

## IV. <u>Conclusion</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 31st day of August 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE